Tilghman C. J.
It appears by the record, that the Court of Common Pleas arrested the judgment, because the writ of ejectment Was not signed by the prothonotary : although it issued under the seal of the Court. It has several times been decided by this Court, that a writ of error Will lie on a judgment arrested: because the order to arrest the judgment *394 is in nature of a judgment. It makes an end of all proceedings. Then as to the writ not being signed, it is a circumstance of which the defendant cannot take advantage after appearance, and pleading to issue. There is no occasion to resort to the statute of jeofail. The very act of assembly which prescribes the form of the writ of ejectment, provides, in the 6th section, (4 Sm. L. 329.) “ that no suit shall be set “ aside for informality, if it appear, that the process issued “ in the name of the Commonwealth against the defendant, “ and that the process was served on the defendant by the “ proper officers in due time.” The omission in this case was but an informality. The writ derived authenticity from the seal of the Court. So that, both by the act of assembly and the conduct of the defendant in appearing and pleading, the defect in the writ is made good. The Court of Common Pleas, therefore, ought to have proceeded to judgment on the verdict; and in arresting the judgment there is error. We are of opinion, that the order for arresting the judgment should be reversed, and judgment entered in this Court for the plaintiff in error, on the verdict given in the Court of Common Pleas.
See M‘Cormick, jun. v. Meason, vol. i. p. 92.
Judgment for the plaintiff in error.